IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TINENE E. BEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-4131-RDR |
| | ) | |
| SUPERCUTS & REPRESENTATIVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon six motions filed by the plaintiff seeking the court to "summons" records and information from various sources, which the court has construed to be motions requesting production of documents. Specifically, these are plaintiff's motions to produce: a hair stylist job description and certain other employee-related documents from defendants (Doc. 9), records pertaining to case no. 34414-03 from the Topeka Police Department (Doc. 10), unspecified records from the Kansas Department of Human Resources U.I. Call Center (Doc. 11), records of case no. CR-2003-0032655-MS from the Topeka Municipal Court (Doc. 12), unspecified records from the U.S. Equal Employment Opportunity Commission (Doc. 13), and all payroll records for the last three years from defendants (Doc. 14).

Defendants have responded in opposition (Doc. 17) to the two of plaintiff's motions (Docs. 9 & 14) that seek production of documents from them, and plaintiff's time to reply to defendants' response has now expired without any filing.[1]  Defendants have not filed any response to plaintiff's

---

[1] Pursuant to D. Kan. Rule 6.1(d)(1), "[r]esponses to nondispositive motions. . . shall be filed and served within 14 days [of service of the motion, and r]eplies shall be served within 14 days of the service of the response." Defendants' response (Doc. 17) was filed and served on December ,1 2005, so any reply was due to the court by December 15, 2005.

remaining motions (Docs. 10, 11, 12, & 13), and their time to do so has also expired.[2]  The court

therefore considers these matters to be fully-submitted and ripe for decision.

With respect to the four of plaintiff's motions, to which no response has been filed, the court

ordinarily treats such motions as uncontested and grants them without any further notice;[3] however,

the court also evaluates the relief requested by any motion and may still deny the motion

where the relief requested is inappropriate.[4]  In this instance, the court has reviewed each of

plaintiff's motions and finds that they are not appropriate at this time and should be denied.

As plaintiff is currently proceeding *pro se*, the court is mindful that her motions

should be liberally construed and held to a less stringent standard.[5]  This means that the court

is required to look beyond a failure to cite proper legal authority, confusion of legal theories,

and the quality of the written work itself.  Nonetheless, despite granting liberal construction,

"the court will not construct arguments or theories for the plaintiff in the absence of any

_____

[2] *See* D. Kan. Rule 6.1(d)(1).  All of the instant motions were filed on November 29, 2005, and served on November 30, 2005, so any response was due to the court by December 13, 2005.

[3] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . .  If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

[4] *Green v. Dean*, No. 03-3225-JWL, 2005 WL 1806427, at *1 n.2 (D. Kan. Aug. 1, 2005) (citing D. Kan. Rule 7.4 and finding it appropriate for the court to conduct an independent review of a motion despite there being no opposing response) ("While uncontested motions are ordinarily granted, they are not invariably granted.").

[5] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

discussion of those issues,"[6] and *pro se* litigants are not excused from compliance with fundamental rules of procedure.[7]  As will be detailed below, the court finds that the relief requested by plaintiff in each of her motions is not in compliance with the Federal Rules of Civil Procedure and will deny each of plaintiff's motion on this basis.

Turning first to plaintiff's two motions seeking production from defendants, the court construes these to be requests for the court to order defendants to produce to plaintiff, in the first of these motions (Doc. 9), a hairstylist job description, hairstylist performance guidelines, company security regulations, hairstylist development, and a Supercuts New Employee Orientation Packet, and in the second of these motions (Doc. 14), all payroll records for the last three years, without any explanation as to whether the records sought are to be those of plaintiff, of all employees in the same work location as plaintiff, as all employees of the company with the same job title as plaintiff, or some other grouping of individuals.  Defendants object to both motions as either being premature to the extent they are construed as requests for production pursuant to Fed. R. Civ. P. 34, or improper because the information requested by the motions has not been sought from and refused by defendants, to the extent they are construed as motions to compel production pursuant to Fed. R. Civ. P. 37.  The court agrees.

---

[6] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[7] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

Fed. R. Civ. P. 34 specifies the requirements for a party to request production of documents from another party in a case. Fed. R. Civ. P. 34(a) addresses the scope of such requests and provides in relevant part:

> Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . .[8]

Unless otherwise ordered by the court or stipulated by the parties, "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request."[9] This response must state whether the party receiving the request agrees or objects to production of the requested items and, in the event the party objects, the reasons for any such objection.[10]   "The party submitting the request may move for an order [compelling production] under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or failure to permit inspection as requested."

Fed. R. Civ. P. 26(d) controls the timing and sequence of discovery and provides in relevant part, "[e]xcept. . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as

---

[8] Fed. R. Civ. P. 34(a).

[9] Fed. R. Civ. P. 34(b).

[10] *Id.*

required by Rule 26(f)."  Fed. R. Civ. P. 26(f) specifies the procedure for the parties to conduct a conference to plan for discovery in advance of a scheduling conference with the court.  In this case, the court has entered an Initial Order Regarding Planning and Scheduling (Doc. 8), which specified that the parties were to conduct their planning conference no later than December 15, 2005, in preparation for a scheduling conference with the court on January 4, 2006.

Because plaintiff has filed motions with the court instead of directing a request to the opposing parties, the court finds that she has not properly complied with Fed. R. Civ. P. 34's procedure for production of documents from a party.  Additionally, because plaintiff's motion makes no representation that the parties have already conducted their Rule 26(f)-planning conference and was filed on November 29, 2005, well before the deadline set by the court for the parties to conduct such a conference, the court finds that plaintiff's attempt to obtain production of these documents is premature.  Therefore, to the extent that plaintiff's motions directed to defendants are construed to be motions for production of documents, the court finds them to be improper and premature.

Because there does not appear to have been any proper request for production directed to defendants, to which they have failed to properly respond, to the extent that plaintiff's motions could be construed as motions to compel pursuant to Fed. R. Civ. P. 37, the court finds that they are also improper and premature.

Turning next to plaintiff's four remaining motions directed to the Topeka Police Department (Doc. 10), the Kansas Department of Human Resources U.I. Call Center (Doc. 11), the Topeka Municipal Court (Doc. 12), and the U.S. Equal Employment Opportunity Commission (Doc. 13), the court construes these motion s to be requests for the court to order production of documents by these non-party entities.

Fed. R. Civ. P. 34(c) addresses the production of documents by non-parties to an action and directs a party to follow Fed. R. Civ. P. 45 to obtain such production. Fed. R. Civ. P. 45 provides a procedure for obtaining documents from non-parties through the use of subpoenas. Fed. R. Civ. P. 45(a)(3) permits a party to obtain from the court clerk, upon request, signed but otherwise blank subpoenas to be completed by the party prior to service upon the non-party, from whom production is sought. This procedure does require the filing of any motion with the court.

Because plaintiff's motions seeking production from non-parties (Docs. 10, 11, 12 & 13) were filed on November 29, 2005, prior to the parties having held a Rule 26(f)-planning conference, the court finds that the requested discovery is premature. Moreover, because these motions seek production in a manner that does comply with the procedure for obtaining production from a non-party through the use of a subpoena as specified in Fed. R. Civ. P. 45, the court finds that they are not proper attempts to obtain discovery. Once the parties have completed their planning conference and such discovery becomes appropriate, plaintiff is

directed to follow the subpoena procedure described by Fed. R. Civ. P. 45 in the event she still desires to obtain discovery from these non-party entities.

Similar to the circumstance with the two motions directed to defendants, above, because there has apparently been no proper attempt to first obtain the requested discovery from these non-party entities through the use of subpoenas, with which they have failed to properly comply, to the extent plaintiff's motions could be construed as motions to compel production, the court finds that they would be premature and inappropriate.

Therefore, the court having found each of the six instant motions to be improper under the applicable discovery rule of the Federal Rules of Civil Procedure, and having also found that the underlying discovery requested would be premature at this time even if undertaken in the proper manner,

**IT IS ORDERED** that plaintiff's motions for production of a hair stylist job description and certain other employee-related documents from defendants (Doc. 9), records pertaining to case no. 34414-03 from the Topeka Police Department (Doc. 10), unspecified records from the Kansas Department of Human Resources U.I. Call Center (Doc. 11), records of case no. CR-2003-0032655-MS from the Topeka Municipal Court (Doc. 12), unspecified records from the U.S. Equal Employment Opportunity Commission (Doc. 13), and all payroll records for the last three years from defendants (Doc. 14) are hereby denied.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2005, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge